## THE TOWN OF GENEVA

*v.*

## MERRITT T. COLE.

1. COLLECTION OF TAXES—*remedy.* The remedy by distress for the collection of taxes is not necessarily exclusive, but a liability for taxes can be enforced by action of debt.

2. MUNICIPAL CORPORATION—*questioning its corporate existence.* In an action of debt brought by an incorporated town against a resident thereof to recover of the latter an amount of tax assessed against him on his property situate in the town, it was *held*, that the legal existence of the corporation could not be tested in such action.

WRIT OF ERROR to the Circuit Court of Kane county; the Hon. SILVANUS WILCOX, Judge, presiding.

Mr. CHARLES D. F. SMITH, for the plaintiff in error.

Messrs. MAYBORNE & BROWN, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt originally commenced before a justice of the peace of Kane county, by the town of Geneva, against Merritt T. Cole, to recover an amount of tax assessed against the defendant on his real and personal property in that town.

The defense was, that neither the property nor the person of the defendant was of that town—it was not his domicil, nor was it the *situs* of his property.

It appears the board of trustees of the town of Geneva was organized under their charter May 13, 1867, and held their first meeting in that month, of which plaintiff in error was a member, and in that year superintended, by authority of the board, the construction of a culvert on section 10, south and west of his residence. It was on his motion before the board that a committee of two was appointed to draft a contract for

398      TOWN OF GENEVA *v.* COLE.     [Sept. T.,

Opinion of the Court.

building the culvert, of which plaintiff in error was one. During all this year his property was assessed and taxes levied and collected on all his property, and also for 1868. Taxes have uniformly been collected from owners residing on section ten.

It also appears that, when the taxes in question were demanded of him by the collector, he promised to pay them before the expiration of the warrant. When called upon for his assessment by the town assessor, he said he had just made it to the township assessor, and wished the town assessors would take it from that.

It appears the original plat of the town of Geneva was on section 3, which section 10 adjoins on the south. The property of defendant assessed and taxed is all on the north half of section 10. The railroad is a little south of the north line of this section, and the residence of plaintiff in error south of the railroad.

By the charter of 25th February, 1867, the boundaries of the town were as follows: All of section 3, the north half of section 10, northwest quarter of section 11, and the west half of section 2.

The claim of plaintiff in error, that the *situs* of his property being on the north half of section 10, and not in the corporate limits of the town, seems unfounded. It is not shown on what part of the north half of section 10 he resides, but enough is shown to establish the fact that it is somewhere on the north half. His property has always been assessed as being within the limits of the corporation, and he himself has acted as an officer of the corporation.

Another point made is, that an action of debt will not lie for taxes. This question is settled by *Dunlap* v. *Gallatin County*, 15 Ill. 7, and *Ryan* v. *Gallatin County*, 14 ibid. 78, where it was held that the remedy by distress for the collection of taxes is not necessarily exclusive—a liability for taxes can be enforced by action of debt.

As the bill of exceptions does not purport to contain all the evidence, we can not decide any other questions made by appellant. The legal existence of the corporation can not be tested in this action.

The judgment must be affirmed.

*Judgment affirmed.*