(No. 26978.—

The Department of Finance, Appellant, *vs.* Tony Sinclair, Appellee.

*Opinion filed January 21, 1943.*

George F. Barrett, Attorney General, for appellant.

Mr. Chief Justice Stone delivered the opinion of the court:

This is an action in debt brought in the circuit court of Montgomery county by the Department of Finance against Tony Sinclair, defendant, appellee. On the latter's motion the complaint was dismissed. The basis of the action is a certain assessment of retailers' occupation tax levied and assessed against the appellee on April 3, 1941, in the sum of $925.85. This sum was fixed and assessed on hear-

ing before the Department and the appellee sought no review by *certiorari,* as he could have done under the statute. The record shows the steps taken to assess this tax.

The ground of appellee's motion to strike the complaint was, and his argument here is, that the complaint did not show a cause of action for the reason that in the notice given him of the proposed assessment it appeared that such assessment was for business conducted as a partnership with Anna Sinclair; that the notice is jurisdictional and any assessment other than an assessment against the partnership is void, and that the complaint in this case shows on its face no notice was given to the defendant as an individual which could justify assessment of the tax against him.

It appears that notices were served on both appellee and Anna Sinclair. The notice against her charged doing business with Tony Sinclair, the appellee here, and the notice to appellee charged him with doing business with Anna Sinclair. Thus both were brought before the Department for hearing. No objection appears to have been raised to the jurisdiction of the Department over the person either of Anna Sinclair or the appellee, but the proposed assessment was objected to and a hearing demanded. On that hearing the assessment was entered against Tony Sinclair individually. Appellee, not having questioned the jurisdiction of the Department over his person, and having objected to the proposed assessment and demanded a hearing thereon, submitted himself to the jurisdiction of the Department. If, as a matter of fact, the business was conducted as a partnership business, the finding of the Department assessing the tax against the appellee personally was subject to review on *certiorari.* It is not contended here that there was want of jurisdiction of the subject matter.

This is an action in debt, and where no review is sought by *certiorari* the findings and assessment of the Department

become final and the taxpayer may not, in a debt action, raise any questions of law or fact except those which go to the jurisdiction of the Department over the subject matter or the person. (*Department of Finance* v. *Huizenga*, 379 Ill. 357.) In *Department of Finance* v. *Gold*, 369 Ill. 497, the defendant claimed, in an action of debt against him by the Department, that he did not own the business against which the assessment was made. It was in that case held, however, that whether his claim was true was not a matter which he could raise in defense to an action for debt but it should have been raised by *certiorari*.

The appellee submitted to the jurisdiction of the Department, and the manner in which the business was being conducted, whether individually or as a partnership, was an issue of fact before the Department and was determined by it. No review by *certiorari* was sought as to its finding. Questions sought to be raised here by appellee are not open to him. It was error to dismiss this complaint. The judgment of the circuit court is reversed and the cause remanded with directions to overrule the motion to strike.

*Reversed and remanded, with directions.*