(No. 31883.—

THE DEPARTMENT OF REVENUE, Appellant, *vs.* JOHN JOCH, Appellee.

*Opinion filed November 27, 1951.*

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, JAMES C. MURRAY, and A. ZOLA GROVES, all of Chicago, of counsel,) for appellant.

JOSEPH J. KROUPA, of Berwyn, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal by the Department of Revenue of the State of Illinois from a judgment of the circuit court of Du Page County which vacated and set aside a prior judgment of that court entered on October 22, 1947, in favor of the Department and against the defendant, Joch, in the amount of $7220.64. The revenue being involved, the appeal has been perfected directly to this court.

A review of the record in this case indicates that the Department of Revenue filed suit in the circuit court of Du Page County against the defendant, Joch, on November 19, 1946. Summons was issued and served upon the defendant personally on November 20, 1946. Thereafter, on December 26, 1946, the defendant, through his attorney, entered an appearance in said cause. The appearance filed was as follows, "I hereby enter the appearance of John Joch, d/b/a Joch's Grocery, as defendant in the above entitled cause, and my appearance as his attorney therein." No answer was filed by the defendant or any other pleading in his behalf.

The complaint under oath alleged that the defendant was engaged in the business of selling tangible personal property at retail in Du Page County, that he incurred liability for retailers' occupation tax at the rate set forth in the statute and for the period from July, 1938, to

October, 1941, and that he was notified by the Department that it proposed to assess him $9601.68 for taxes and penalties on account of deficiencies and delinquencies. It was further alleged that a hearing was held pursuant to notice and in accordance with the statutes and that as a result of this hearing an assessment of deficiency was made against him in the amount of $8370.64 and that the defendant had paid the sum of $1150 and that there was due and owing to the State of Illinois the sum of $7220.64 for which a judgment was asked. On October 22, 1947, the court entered a judgment against the defendant in favor of the plaintiff in the amount of $7220.64. This judgment recited that the defendant had been served personally with summons and had failed to plead although he had filed his appearance. The judgment further recited that, no answer having been filed and the defendant having made default for want of an answer, upon motion of the plaintiff a default was entered against him of record. The court then further recited that the plaintiff was entitled to recover against the defendant the amount claimed in the complaint, and judgment was entered for that amount. Nothing further occurred after the rendering of this judgment until October 18, 1949. On this date the defendant filed his "Motion to vacate and set aside judgment, strike plaintiff's complaint and dismiss suit." This motion recited that it was filed pursuant to section 72 of the Civil Practice Act and the motion set forth, among several reasons, the following reason why the judgment of October 22, 1947, should be set aside and vacated:

"5. That the cause of action stated in plaintiff's complaint which arose and accrued to the plaintiff under Section 5 of the Illinois Retailers' Occupation Tax Act aforesaid, accrued more than two (2) years and the time allowed for a review thereof, before the commencement of this action and said action was, when commenced, wholly barred and extinguished by said Section 5 of the Illinois

Retailers' Occupation Tax Act aforesaid before the commencement of this action." The other reasons need not be discussed because they are not urged as forming the basis of this appeal.

On March 14, 1950, the Department of Revenue filed a motion to strike and dismiss the defendant's motion. It contended as follows:

1. That the defendant's motion did not state a cause of action or right to relief against the plaintiff either at law, equity or otherwise.

2. The grounds upon which defendant relied in his motion and the matters alleged therein did not entitle the defendant to any relief whatsoever.

3. The motion of the defendant was in all other respects insufficient, insubstantial and inadequate.

The case was then taken under advisement and written briefs were submitted. Subsequently, on August 11, 1950, the court entered the judgment appealed from. In that judgment the court found that the cause of action as stated in the plaintiff's complaint accrued on March 9, 1943, and that under section 5 of the Retailers' Occupation Tax Act the plaintiff had two years thereafter or until March 10, 1945, within which to file its suit and that, the plaintiff having failed to file its suit within the time provided in pursuance of section 5 of the act, the cause of action was wholly barred and extinguished, and that it was without jurisdiction of the subject matter of the suit. The court then proceeded to order that the judgment of October 22, 1947, be vacated, set aside and held for naught. It further ordered that the complaint of the plaintiff be stricken, that the suit be dismissed and that judgment be rendered in favor of the defendant against the Department of Revenue. The Department of Revenue has taken this appeal from that judgment.

The Department contends that this judgment of the court should be reversed for the following reasons:

1. The failure of the complaint to state a cause of action is not ground for a collateral attack upon a judgment nearly two years after it was rendered.

2. The defendant's entry of appearance without the filing of any answer or other pleading amounted to a consent to the suit and to the judgment prayed in the complaint.

3. The court had no jurisdiction to vacate its order almost two years after it was rendered.

4. The judgment appealed from is erroneous and should be reversed.

The defendant contends that:

1. Where a suit was filed more than two years after the date any proceedings for review of an assessment had terminated, to recover for retailers' occupation tax, there was no cause of action upon which any judgment could be based.

2. The legislature did not contemplate that consent to the filing of any suit could be made by an entry of appearance.

3. The trial court lacked jurisdiction of the subject matter of the original suit when the same was filed and in consequence thereof was without jurisdiction to enter any judgment in the cause.

4. The trial court has power to vacate a judgment at any time after the expiration of the term at which it was rendered where the court was without jurisdiction to enter such judgment originally.

A proper decision of this case requires a consideration of the meaning of section 5 of the Retailers' Occupation Tax Act, (Ill. Rev. Stat. 1949, chap. 120, par. 444.) The pertinent provisions of that statute are as follows:

"In case of failure to pay the tax, or any portion thereof, or any penalty provided for in this Act, when due, the Department may recover the amount of such tax, or portion thereof, or penalty in an action at law in any

court of record of competent jurisdiction; * * * provided that no such action at law with respect to any tax, or portion thereof, or penalty, shall be instituted more than two (2) years after the date any proceedings in court for review thereof shall have terminated or the time for the taking thereof shall have expired without such proceedings being instituted, except with the consent of the person from whom such tax or penalty is due; nor, except with such consent, shall such action at law be instituted more than two (2) years after the date any return is filed with the Department in cases where the return constitutes the basis for the suit for unpaid tax, or portion thereof, or penalty provided for in this Act."

The time for filing the suit under this section of the act expired on March 10, 1945. The suit was filed on November 19, 1946, or more than one year and eight months after the time allowed for filing the suit. Under these circumstances, the legal effect of the appearance filed by the defendant must be determined. Can such an instrument be considered to be the consent within the meaning of section 5 of the act?

The summons originally issued and served upon the defendant was returnable on December 16, 1946. The appearance was not filed until December 26, 1946, which was after the return date in the cause. It does not appear in this record that any order was entered by the trial court extending the time within which the defendant could file an answer. The entry of appearance quoted above did not confer any jurisdiction upon the court over the person of the defendant any more than the court already had by virtue of the service of summons. It is to be noted that the entry of appearance likewise did not consent to the court entering any order in the cause but merely entered the appearance of the defendant and his attorney in the cause before the court. The provisions in section 5 of the act provide that no suit may be brought "except with

the consent of the person from whom such tax or penalties is due." Certainly, the form of entry of appearance filed in this case by the defendant would not have precluded him from having filed a motion to dismiss the complaint on the grounds that the statute barred the filing of this suit. It does not appear that the defendant participated in the trial of this case in any regard other than the filing of an entry of appearance by his attorney. We hold that the entry of appearance filed in this cause does not preclude the defendant from asserting the provision of section 5 barring recovery where a suit was not commenced within the two-year period. We believe that the consent contemplated by the statute must be more clearly and distinctly expressed by the defendant than was expressed in this case. The entry of appearance filed in this case does not indicate the consent by the defendant to the plaintiff's filing of this suit. We, therefore, hold that the defendant has not consented to the filing of the suit within the meaning of the act.

We next must consider the effect of the judgment rendered in this cause against the defendant in accordance with the prayer of the complaint. It is to be noted that the People admit that the complaint did not state a cause of action. However, they assert that the failure of the complaint to state a cause of action cannot be urged at this late date because they say that the court had jurisdiction of the parties and the subject matter.

The next question to be determined is whether or not the trial court had jurisdiction to enter any order or judgment in this cause where the suit had not been filed within the time required by section 5 of the act.

There is no question that the court had jurisdiction of the parties, summons having been served and the defendant having entered his appearance. The only question then remaining is whether or not the court had jurisdiction of the subject matter.

The circuit courts of this State have jurisdiction in actions of debt, and it has been held that debt is an appropriate common-law action to recover taxes. (*Town of Geneva* v. *Cole,* 61 Ill. 397; *Department of Finance* v. *Gold,* 369 Ill. 497.) Likewise, this court has held, in the case of *Superior Coal Co.* v. *O'Brien,* 383 Ill. 394, that actions for the recovery of the Illinois retailers' occupation tax are in substance common-law actions of debt and that, for all practical purposes, judgments rendered in such proceedings are the same as the judgments rendered in the common-law action of debt. We, therefore, believe that the circuit court of Du Page County had jurisdiction of the subject matter in this case.

A judgment rendered by a court having jurisdiction of the parties and subject matter is not open to impeachment in any collateral action or proceeding, except for fraud in its procurement, and even if the judgment is voidable and it is so illegal or defective that it would be set aside on a proper direct application, it is not subject to collateral impeachment so long as it stands unreversed and in force. (*People* v. *Sterling,* 357 Ill. 354; *Baker* v. *Brown,* 372 Ill. 336.) In the case of *O'Brien* v. *People ex rel. Kellogg Switchboard and Supply Co.* 216 Ill. 354, we stated, "If the court has jurisdiction of the subject matter and of the parties nothing further is required. The cause of action may be defectively stated, but that does not destroy jurisdiction. A bill may state conclusions, but if not demurred to and the evidence supports the decree conforming to the general allegations of the bill and the decree is within the power of the court to render, the court has jurisdiction. * * * Whether a complaint does or does not state a cause is, so far as concerns the question of jurisdiction, of no importance, for if it states a case belonging to a general class over which the authority of the court extends, then jurisdiction attaches and the court has power to decide, whether the pleading is good or bad.

[Citations.] Jurisdiction does not depend upon the rightfulness of the decision."

Section 72 of the Civil Practice Act (Ill. Rev. Stat. 1949, chap. 110, par. 196,) provides that the writ of error *coram nobis* is abolished and that all errors in fact committed in the proceeding of any court of record and which by common law could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing made at any time within five years after the rendition of the final judgment in the case, upon reasonable notice. This section applies only to errors of fact and does not apply to errors of law committed by the trial court. It is, therefore, necessary for this court to consider and determine whether or not the error, if any, committed by the trial court was one of law or one of fact.

Just what is the error complained of? The defendant contends that the court erred in granting the judgment because the suit had not been brought within the two-year period. If the court had known that the suit was not brought within the two-year period the court would no doubt have refused to enter any judgment in the case in the absence of a written consent filed by the defendant to the filing of the suit. If the court had no knowledge that the suit was not filed within the two years, then it would appear that the error committed was one of fact. On the other hand, if the court knew, or should have known, that the suit was not filed within two years, it would appear that the error committed by the court was one of law and not of fact.

A reading of the complaint in this case indicates that the deficiency upon which this suit is based occurred from July, 1938, through October, 1941. From the complaint it appears that the proposed assessment was issued December 19, 1941, and that the final assessment was issued on February 16, 1943. The fact upon which the error was

supposed to have been committed appears on the face of the complaint. The error was one in interpreting the facts and resulted therefore in an error of law.

This case is somewhat similar to the case of *Jerome* v. *Quincy Street Building Corp.* 385 Ill. 524, in which case a default judgment was rendered against the defendant in favor of the plaintiff on February 28, 1941. On April 29, 1941, the defendant filed a motion setting forth that the summons had been served less than 20 days before the first return date named in the summons and that the order of default was entered before the return date at which the defendant was required to answer. The motion prayed that the judgment be vacated and permission be granted to file an answer. The motion was allowed by the trial court and the judgment was vacated. The plaintiff appealed to the Appellate Court, which court affirmed the order vacating the judgment. Leave to appeal was granted to the Supreme Court and in our opinion we reversed the Appellate Court and the trial court and remanded the cause with directions to overrule the defendant's motion. We held that the facts upon which the alleged error in the case was committed were a matter of record and before the court when the judgment was entered. We also held that the judgment of the trial court constituted a holding by the court that service had been obtained in accordance with the law and that the question presented involved a question of law and not one of fact. In that case, at page 528, we stated, "Such matters are not within the field of inquiry allowable under a motion filed under section 72 (par. 196) of the Civil Practice Act. The rule is well established that such a motion is not available to review questions of fact which arise upon the pleadings or to correct errors of the court upon questions of law."

Section 72 of the Civil Practice Act is similar to section 89 of the Practice Act of 1907. In considering section 89 of the Practice Act of 1907, our court stated,

318

in *Chapman* v. *North American Insurance Co.* 292 Ill. 179, "the trial court cannot review itself or its own judgment and correct the same, either as to any question of fact found or decided by the court or as to any question of law decided by it after the term of court has ended." * * * Such errors could only be considered by a reviewing court on a writ of error proper for such purpose."

We, therefore, hold that the action of the circuit court of Du Page County in vacating the judgment was erroneous since the court had jurisdiction of the parties and the subject matter and the only error of fact complained of pertains to a matter of the pleading and the other errors complained of appear to be errors of law.

For the reasons stated in this opinion, the judgment of the circuit court of Du Page County, entered on August 11, 1950, is reversed.

*Judgment reversed.*