(No. 34240.—

THE DEPARTMENT OF REVENUE, Appellant, *vs.* DOWNSTATE COAL COMPANY, INC., *et al.,* Appellee.

*Opinion filed May 23, 1957.*

LATHAM CASTLE, Attorney General, of Springfield, (MARK O. ROBERTS, and M. BROOKS BYUS, of counsel,) for appellant.

DAVID A. WARFORD, of Marion, for appellees.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

The Department of Revenue appeals directly to this court from a judgment of the circuit court of Williamson County in favor of the defendants in the Department's suit for recovery of retailers' occupation tax allegedly due.

Inasmuch as the revenue of the State of Illinois is involved, the case is properly appealed directly to this court.

On August 15, 1952, the circuit court of Williamson County found that the directors of the defendant Downstate Coal Company, Inc., were deadlocked in the management of corporate affairs and appointed Ben Schull and William T. Davis joint receivers of the corporation. The decree appointing such receivers specifically vested such receivers with the power and duty to take possession and have charge of the corporate business and assets, to carry on the corporate business until its existing contracts were fulfilled, to collect and receipt for all money due, to pay all or any corporate obligations from money in their hands, to pay all taxes and assessments due on the corporate property or business, to pay all necessary bills or obligations, to defend all suits, and to sue and defend in all courts as receivers.

On November 9, 1953, Downstate Coal Company, by William T. Davis, coreceiver, executed a waiver of statute of limitations in consideration of the Department refraining from issuing a notice of proposed assessment under sections 4 or 5 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1953, chap. 120, pars. 443, 444) on or before De-

cember 31, 1953, with respect to gross receipts from January 1, 1949, through October 31, 1953, by the express terms of which the benefit of the statute of limitations which would otherwise prevent the Department from issuing a notice of proposed assessment with respect to such gross receipts after December 31, 1953, under sections 4 or 5 of the act, was expressly waived through June 30, 1954.

On June 16, 1954, the Department caused a notice of proposed assessment to be delivered by registered mail addressed to "Ben Schull, Receiver, and William T. Davis, Co-Receiver, d/b/a Down State Coal Company, De Soto, Ill." which notice was duly receipted for in the name of Ben Schull, by Edna Roach, agent. The proposed assessment was to be made under section 4 (corrected returns) for the period of January, 1949, through February, 1952, in the amount of $2187.50 deficiency plus $218.75 as penalty.

No protest of the proposed assessment and request for hearing thereon was made, and on July 26, 1954, final assessment of such deficiency for said period under said section 4 was issued, addressed in the same manner. Notice of such final assessment was sent by registered mail and receipted for on July 28, 1954, in the name of Ben Schull by William T. Davis and by William T. Davis in his own right.

On November 20, 1954, complaint was filed naming Downstate Coal Company, Inc., Ben Schull, receiver, and William T. Davis, coreceiver, as defendants, and asking judgment for delinquent retailers' occupation tax in the amount of $2406.25. After defendants' motion to dismiss was overruled, separate answers were filed by the coal company and by the receivers.

The receivers' answer in general denied that they had at any time been engaged in the business of selling tangible personal property at retail in Illinois, admitted execution of the waiver, but alleged that the waiver covered only a three-year period prior to January 1, 1954, contending

that the period prior to December 31, 1950, had expired before execution of the waiver.

The coal company's answer admitted it was engaged in a business subject to the act and was under a duty to file returns and pay a tax as prescribed therein, admitted execution of the waiver, but alleged it was executed under statutory provisions other than the one cited in the complaint, alleged that the notice of proposed assessment was not addressed to it and that final assessment was not made in the name of the corporation, denied any liability on its part for the taxes and pleaded section 4 of the act as a bar to any assessment for the period February 1949 through December 1950.

After motions of plaintiff to strike parts of the answers were overruled, plaintiff filed replies to the answers and the case was submitted for decision on the pleadings and exhibits. On June 11, 1956, judgment was entered in favor of the defendants, from which this appeal is taken.

The Department of Revenue as appellant argues three points as justifying reversal. The principal issue is whether notice of tax assessment to the receivers of the corporation was in fact notice to the corporation. It is also argued that the waiver overcame the three-year limitation on issuance of assessments, and that the time issue, when raised for the first time in answer to suit, is raised too late, since it could have been raised by administrative review.

It is fundamental that giving of notice of assessment by the Department of Revenue is a necessary prerequisite to bringing suit for collection of the amount assessed. *Department of Finance* v. *Schmidt,* 374 Ill. 351; *Department of Finance* v. *Goldberg,* 370 Ill. 578.

As pointed out earlier, the decretal order providing for the receivership herein, specifically authorized the corporation's representatives to "7. Pay all taxes and assessments due on the property or business of the corporation * * * 9. Defend all suits now pending or that may be instituted

against the corporation. 10. Sue and defend in all courts as receivers of said corporation." The receivers entered into a bond in the penal sum of $100,000 with the Travelers Indemnity Company as surety, securing the faithful performance of their duties.

Section 2 of the Retailers' Occupation Tax Act provides "A tax is imposed upon persons engaged in the business of selling tangible personal property," etc. Section 1, in defining terms used in the act, defines "person" as meaning any natural individual, firm, partnership, association, joint stock company, joint adventure, public or private corporation, or a receiver, executor, trustee, conservator or other representative appointed by order of any court. Ill. Rev. Stat. 1953, chap. 120, pars. 440, 441.

Just a casual reading of the foregoing forbids any thought that the corporation should have been served with process or notice instead of its duty appointed, acting and bonded receivers. Arguments advanced by appellees to the contrary are most unrealistic and technical. Such untenable contentions led this court astray in 1939 in *Fitzpatrick* v. *Pitcairn,* 371 Ill. 203. A more acceptable rationale can be found in *Pennsylvania Co.* v. *Sloan,* 125 Ill. 72.

There is a further contention of appellees that the waiver signed by one of the receivers did not embrace the entire period of the proposed assessment, that July 1, 1950, is the earliest taxable date, and, therefore, the notice of assessment of tax claimed for 1949 has not been waived and, since the exact amount of tax for that period is not revealed, the entire assessment must fail. A careful reading of the consent attached to the complaint herein contradicts appellees' position. The language which sets the time covered as from January 1, 1949, to October 1, 1953, is not a part of the usual printed form, but rather is specifically inserted in the form as a part of the agreement between the parties.

Another answer to this contention is found in the fact that this court has frequently held that when a taxpayer

raises questions as to the period of time covered by assessments for the first time in answer to suit by the Department of Revenue for collection of the retailers' occupation tax, any question of law or fact concerning an assessment is raised too late, since such matters could have been raised by administrative review. If the assessment was not proper or regular, the taxpayer should have, within the time provided, protested the assessment, and the Department of Revenue would have set a hearing on the matter. If the taxpayer is not satisfied, there is provision for judicial review of the determination. *Department of Finance* v. *Sinclair,* 382 Ill. 118.

The judgment is reversed, and judgment is entered here for plaintiff.

*Reversed, with judgment here.*