(No. 40602.— )

THE DEPARTMENT OF REVENUE OF THE STATE OF ILLI-
NOIS, Appellee, *vs.* BERNARD STEACY, d/b/a STEACY'S
MOBIL GAS, Appellant.

*Opinion filed Nov. 30, 1967.—Rehearing denied Jan. 18, 1968.*

L. H. VOGEL, of Chicago, (RICHARD A. WALKOVETS
and DONALD A. GURITZ, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield,
(JOHN J. O'TOOLE and ROBERT F. NIX, of counsel,) for
appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the
court:

In this action brought by the Department of Revenue
to recover unpaid retailers' occupation taxes, the defendant,
Bernard Steacy, doing business as Steacy's Mobil Gas, filed
a demand for a trial by jury. The demand was stricken and
evidence offered by the Department was received. The de-
fendant offered no evidence and judgment was entered in
favor of the Department. The defendant has appealed, con-
tending that he was deprived of his constitutional right of

trial by jury under the constitution of Illinois and of the United States, and that the denial of a trial by jury also deprived him of due process of law under the fourteenth amendment to the Federal constitution.

· These contentions are without merit. The Retailers' Occupation Tax Act provides for an administrative audit by the Department of Revenue, which culminates in a proposed assessment of which the taxpayer is notified, and with respect to which the taxpayer is afforded an administrative hearing. At the conclusion of the hearing the Department issues a final assessment which, if not modified on departmental rehearing, is reviewable under the Administrative Review Act. Ill. Rev. Stat. 1965, chap. 120, par. 451; chap. 110, pars. 264-279.

The defendant's contentions are grounded upon the fact that the statute authorizes the Department to recover the amount of unpaid taxes "in any action at law" (Ill. Rev. Stat. 1965, chap. 120, par. 444) and upon the fact that such an action has been likened to the common-law action of debt. (*Department of Revenue* v. *Joch,* 410 Ill. 308, 315.) Since the statutory action is "at law" and has been said to be in substance a common-law action of debt, the defendant argues that a constitutional right of trial by jury necessarily exists. We do not find it appropriate to discuss the authorities relied upon by the Department to refute this broad contention (see, *e.g., Hoffman* v. *Department of Finance,* 374 Ill. 494, 498; *Wickwire* v. *Reinecke,* 275 U.S. 101, 72 L. Ed. 184, *Sonleitner* v. *Superior Court,* 158 Cal. App. 2d 258, 322 P.2d 496) because the case can be disposed of on a narrower ground.

Before there is a right to a jury trial there must be an issue of fact to be determined. There is no such issue in this case. The defendant's answer denied that he had failed to file returns, denied that he owed anything to the plaintiff and asserted the Statute of Limitations as a defense. It alleged that the defendant had operated a food shop in

conjunction with his business, that "at about the month of May, 1953," the food shop business "was transferred to Clairene Steacy, who continued to operate said business as a separate undertaking on her own behalf and not as the business of the defendant, and that if any part of the alleged assessment of taxes includes the portion of said food shop [*sic*] from and after, to wit, May 1953, and particularly from 1958, then said tax is improperly assessed against the defendant."

The issues sought to be raised by the defendant in this action could have been raised in administrative proceedings before the Department, and its determination could have been challenged under the Administrative Review Act. They are not open for consideration in the present action. As we said in *Department of Revenue* v. *Downstate Coal Co.*, 11 Ill.2d 317, "this court has frequently held that when a taxpayer raises questions as to the period of time covered by assessments for the first time in answer to suit by the Department of Revenue for collection of the retailers' occupation tax, any question of law or fact concerning an assessment is raised too late, since such matters could have been raised by administrative review. If the assessment was not proper or regular, the taxpayer should have, within the time provided, protested the assessment, and the Department of Revenue would have set a hearing on the matter. If the taxpayer is not satisfied, there is provision for judicial review of the determination. *Department of Finance* v. *Sinclair*, 382 Ill. 118." 11 Ill.2d at 321-22; see also *Department of Finance* v. *Gold*, 369 Ill. 497.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*