THE DEPARTMENT OF REVENUE, Plaintiff-Appellee, v. HARLEM FOSTER MOBIL SERVICE, INC., Defendant-Appellant.

First District (5th Division)   No. 84—2655

Opinion filed October 9, 1987.

Gregory M. O'Brien, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, and James P. Nally, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff Department of Revenue (Department) brought this action to collect $5,256 for unpaid Regional Transportation Authority (RTA) taxes pursuant to the Retailers' Occupation Tax Act (Act or ROTA) (Ill. Rev. Stat. 1985, ch. 120, par. 440 *et seq.*) from defendant Harlem Foster Mobil Service, Inc. (Harlem), an automobile service station. Harlem filed a motion to dismiss the Department's complaint on the ground that the Department had failed to serve the notice of tax liability within the three-year statute of limitations provided in section 5 of the Act (Ill. Rev. Stat. 1983, ch. 120, par. 444). The trial court denied Harlem's motion and entered judgment in the amount of $7,330 for the Department and against Harlem. In this appeal from that judgment, Harlem contends that the trial court erred in denying its motion to dismiss the Department's complaint because the Department failed to serve Harlem with the notice of tax liability within the three-year statute of limitations.

The facts are as follows. On October 11, 1983, the Department, through certified mail, sent Harlem a notice of tax liability in the amount of $5,256 for RTA gas tax for the period of August through October 1979. On the face of the notice was the notation: "Date of issue: December 14, 1981."

The Department made a final assessment of tax liability against

Harlem, and on December 22, 1983, the Department filed the instant complaint against Harlem to collect the alleged unpaid taxes of $5,256. An order of default and judgment for $7,330 was entered for the Department against Harlem by the circuit court. On May 24, 1984, Harlem filed a motion to vacate that order of default and judgment which was granted by the court on July 17, 1984.

Harlem then filed a motion to dismiss the Department's complaint to collect taxes on the grounds (1) that the alleged tax liability was for the months of August through October 1979; (2) that the notice of tax liability was issued on October 11, 1983, and served upon Harlem on October 14, 1983; (3) that Harlem did not become aware of its tax liability under the ROTA until it received notice by registered mail from the defendant on October 14, 1983; (4) that section 5 of the ROTA requires the Department to issue notice of tax liability within three years after the tax liability accrued; and (5) that since the Department failed to issue notice of the tax liability to Harlem within three years after Harlem's liability accrued for taxes during the period from August through October 1979, the Department was barred from bringing this complaint for collection.

In its reply, the Department argued that Harlem's motion to dismiss the complaint should have been denied because (1) Harlem's interpretation of the notice requirement was erroneous; (2) the three-year statute of limitations prohibited the Department "from attempting to tax prior to a definite prescribed period of time"; (3) the notice issued December 14, 1981, for the period of August through October 1977, was within the three-year statutory period; (4) the statute did not provide that the limitations period commenced upon the date that the notice of the tax liability had been served upon the taxpayer; (5) Harlem waived its right to challenge jurisdiction on the basis that the notice of tax liability had not been served within the three-year statute of limitations; (6) the filing of this action on December 12, 1983, was within the two-year statute of limitations from the issuance of the notice of tax liability on December 14, 1981; and (7) the issuance of the notice of tax liability for the taxable period was within the three-year statute of limitations and the filing of this action was within the two-year limitations period.

After hearing argument of counsel and considering the pleadings, the trial court denied Harlem's motion to dismiss and entered judgment of $7,330 for the Department.

■■ ■ It is Harlem's contention that the trial court erroneously denied Harlem's motion to dismiss the Department's complaint and in entering judgment in favor of the Department because the notice of

tax liability had not been served upon Harlem within the three-year statute of limitation period as required by section 5 of the Act. The Act authorizes the Department of Revenue to impose a tax upon persons who are engaged in the sale of tangible property for use or consumption. (Ill. Rev. Stat. 1985, ch. 120, par. 440 *et seq.*) The Act obligates retailers to file a tax return and to remit the amount of the tax due to the Department. However, if the retailer fails to comply with the Act, the Department is required to ascertain the amount of the tax due according to its best judgment. (Ill. Rev. Stat. 1985, ch. 120, par. 444.) It is axiomatic that the Department is required to give notice of the assessment of taxes imposed under the Act against the retailer before the Department may commence a lawsuit for the collection of the amount assessed. (*Department of Revenue v. Downstate Coal Co.* (1957), 11 Ill. 2d 317, 320, 143 N.E.2d 247.) Within 20 days after notice of the assessment of tax liability, the taxpayer may protest his liability and request an administrative hearing. If no hearing is requested within 20 days such notice of liability is a final assessment. (Ill. Rev. Stat. 1985, ch. 120, par. 444.) When a proceeding is not sought under administrative review (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) for judicial review of the Department's final assessment, the assessment will be conclusive as to all questions affecting its merits. A defense as to merits of the case that is not raised through administrative review will be considered waived. *Calderwood Corp. v. Mahin* (1974), 57 Ill. 2d 216, 220, 311 N.E.2d 691.

■ In the case before us, on October 11, 1983, by certified mail, Department sent a notice of tax liability to Harlem for RTA taxes in the amount of $5,256 pursuant to the Act for the period of August through October 1979. On the face of the notice was a statement that the notice had been issued on December 14, 1981. When the Department made a final assessment of tax liability against Harlem on December 22, 1983, for $5,256, Harlem failed to request administrative review of that decision. The Department then filed the instant complaint to collect the final tax assessment. The failure of Harlem to seek administrative review of the final tax assessment resulted in a waiver. The final assessment of the Department then became conclusive and the Department was entitled to judgment on its complaint.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SULLIVAN, P.J., and MURRAY, J., concur.